STATE OF CONNECTICUT *v.* WILLIAM FITZPATRICK

REVIEW DIVISION OF THE SUPERIOR COURT

Decided June 22, 1967

*Albert E. Evans,* of New Haven, for the defendant.

*David B. Salzman,* assistant state's attorney, for the state.

BY THE DIVISION. The defendant, eighteen years of age, pleaded guilty to being a user of narcotics in violation of § 19-246 of the General Statutes as amended. The penalty prescribed for such a violation is imprisonment for not more than five years. General Statutes § 265a. The sentencing court committed the defendant to the reformatory for three years.

On August 9, 1966, an undercover state trooper purchased marihuana from the defendant and paid $5 for it. The defendant, who admitted he had used narcotics for some time, said that he was "high" at that time and did not need the marihuana he gave the undercover trooper.

The home background of the defendant is unfortunate, but he has compounded it by his own behavior. He has had no contact with his father in over ten years; this appears to be a result of discord between his parents. The defendant lives with his mother, who apparently has been unable to cope successfully with the problem of raising the defend-

ant in view of the home circumstances and the defendant's own propensities. He was referred to the juvenile authorities on a number of occasions for such matters as drinking, theft, truancy and insubordination in school. In 1963, while a juvenile, he was committed to the Connecticut school for boys. In July, 1965, he was arrested and fined as an adult for breach of the peace, having been found sniffing glue. In May, 1966, he was given a suspended sentence and probation for one year for breach of the peace and intoxication. With reference to these May, 1966, offenses, he was found trying to sniff carbona cleaning fluid through a handkerchief. Later in May, 1966, he was arrested on an intoxication charge, his probation was revoked and he was given a ten-day jail sentence. His school record was poor and contains reference to his hostility, disrespect and disobedience. After his release from the Connecticut school for boys in September, 1964, until his arrest for the offense for which he is now in the reformatory, he was apparently employed for only a total of five months.

Since his release from the Connecticut school for boys in September, 1964, the defendant has been using "whatever was available" in the way of drugs, and he indicated he obtained these initially on his own initiative. Over that period, to the time of the instant offense, he used marihuana, heroin by intravenous injection, glue by sniffing, cleaning fluid by inhaling, and LSD (lysergic acid diethylamide). In October, 1966, he spent approximately three weeks in the hospital for hepatitis, which he apparently incurred by "using a dirty needle," and as a result his liver was damaged. Yet he did not return for the necessary outpatient clinic visits regarding checkups on his physical condition. He told the probation officer who compiled the presentence report for the court presentation on the instant

offense that in recent months the primary one used was LSD, of which he said his usage was such that he was "taking a trip once or twice a week." The defendant appears now to recognize the degree of involvement with narcotics to which he has brought himself and states that he desires help in stopping his indulgence.

The transcript of the comments of the sentencing judge, the state's attorney and defendant's counsel at the time of sentencing demonstrates a frank recognition of the problem this defendant presented and the careful consideration given attendant to the disposition by way of sentencing. This is particularly true as to the sentencing judge, whose sentence we review here. Under all the circumstances, the imposition of three years' commitment to the reformatory should not be disturbed by this Division.

The sentence imposed was fair and just and is to stand.

PALMER, HEALEY and BARBER, Js., participated in this decision.